IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LAURENCE WOODS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SHERIFF GIUSTO and CHAPLAIN KYLE, )<br>)<br>Defendants. )<br>_____) | Case No. CV06-815-HU<br><br>FINDINGS AND<br>RECOMMENDATION |

Laurence Woods
311 N. Jessup
Portland, Oregon 97217
    Pro se

Agnes Sowle
County Attorney
Multnomah County, Oregon
Susan M. Dunaway
Assistant County Attorney
501 S.E. Hawthorne Blvd., Suite 500
Portland, Oregon 97214
    Attorneys for defendants

1   - FINDINGS AND RECOMMENDATION

HUBEL, Magistrate Judge:

Plaintiff Laurence Woods brought this action asserting that the Multnomah County Justice Center violated his First Amendment rights by failing to provide him with a paid Muslim chaplain, Halal meals, and the right to pray in congregation with other Muslim inmates. Defendants move to dismiss the complaint for insufficiency of process, on the grounds that the summons and complaint were served by the plaintiff himself, and for failure to comply with the substituted service requirements of Rule 7D(2)(b).

According to the Affidavit of Susan M. Dunaway, on June 8, 2006, the receptionist at the County Attorney's office brought her two summonses and the complaint filed in this case. See Dunaway Affidavit, Exhibits 1 and 2. One summons was addressed to defendant Sheriff Giusto and the other was addressed to defendant Chaplain Kyle. Ms. Dunaway states in her affidavit that the documents were served by the plaintiff. Ms. Dunaway states further that after investigation, she determined that, to the best of her knowledge, as of the date defendants filed this motion, neither defendant had received a copy of the summons or the complaint.

The court docket in this case indicates that no proof of service has been filed.

Rule 4(c) of the Federal Rules of Civil Procedure governs

2   - FINDINGS AND RECOMMENDATION

service of summons with complaint and by whom service may be made. Under Rule 4(c)(2), any person who is **not** a party to the action and who is at least 18 years old may serve a summons.

Under Rule 4(j)(2), when service is upon a state, municipal corporation, or other governmental organization, suit is effected by delivering copies of the summons and complaint to its chief executive officer or by serving the summons and complaint in "the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant." Because this case is governed by Rule 4(j)(2), I turn to the Oregon Rules of Civil Procedure.

Rule 7E states that a summons may be served

> by any competent person 18 years of age or older who is a resident of the state where service is made or of this state **and is not a party to the action** ...

(Emphasis added).

Because both federal and state rules of civil procedure prohibit a party from serving the summons and complaint in his own case, I recommend that defendants' motion to dismiss (doc. # 3) be GRANTED, and that this action be dismissed without prejudice for improper service.

### Scheduling Order

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due November 14, 2006. If no objections are filed, review of

3   - FINDINGS AND RECOMMENDATION

the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due November 28, 2006, and the review of the Findings and Recommendation will go under advisement on that date.

DATED this 30th day of October, 2006.


/s/ Dennis James Hubel

    Dennis James Hubel
United States Magistrate Judge